813 F.2d 1228
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
J. Michael SCHAEFER, Plaintiff-Appellant,
v.
MARION I. AND HENRY J. KNOTT FOUNDATION, INC.; Rose Marie
Porter; Francis X. Knott; Henry J. Knott, Jr.;
Henry J. Knott, Defendants-Appellees.
 No. 86-3622.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 21, 1987.
Decided March 11, 1987.
 
 Before RUSSELL, WIDENER and WILKINS, Circuit Judges.
 J. Michael Schafer, appellant pro se.
 George Beall, Russell J. Pope, Miles & Stockbridbge, for appellees.
 PER CURIAM:
 
 
 1
 J. Michael Schaefer brought an action in the Maryland district court for breach of contract against the Knott Foundation and four individual defendants connected with the foundation. Jurisdiction was premised on diversity of citizenship between the parties pursuant to 28 U.S.C. Sec. 1332. All the defendants are citizens of Maryland. Schaefer contends that at the time the action was commenced, he was a citizen of California and that therefore there was diversity of citizenship. The district court, after considering affidavits, other documentary material, and arguments presented at a hearing, dismissed the action for lack of diversity, finding that Schaefer had established Maryland as his domicile at the time the action was commenced. Schaefer appeals the dismissal to this Court. We affirm.
 
 
 2
 A complaint alleging jurisdiction based on diversity of citizenship must contain factual assertions which would support diversity. However, where these jurisdictional allegations are challenged, the plaintiff has the burden of proving, by a preponderance of the evidence, that diversity exists. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188-89 (1936); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.), cert. denied, 419 U.S. 842 (1974); Krasnov v. Dinan, 465 F.2d 1298, 1301 (3d Cir. 1972). The issue of citizenship is a mixed question of law and fact, but primarily one of fact. As long as the district court applied the correct legal standards, its findings will normally not be set aside unless clearly erroneous. Holmes v. Sopuch, 639 F.2d 431, 434 (8th Cir. 1981); Webb v. Nolan, 484 F.2d 1049, 1050 (4th Cir. 1973).
 
 
 3
 Our review of the record convinces us that the district court's finding that Schaefer was domiciled in Maryland at the time he filed this lawsuit was not clearly erroneous. Therefore, we affirm the district court's decision. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 AFFIRMED.